NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIHONG WANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-73006

Agency No. A099-912-071

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2021[**]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Lihong Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) denial of her application for asylum and withholding

of removal after this court remanded with instructions to consider whether evidence

in the record, aside from Wang's non-credible testimony, was sufficient to establish

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

her eligibility for relief. *See Wang v. Whitaker*, 745 F. App'x 27, 28 (9th Cir. 2018). We review the agency's "legal conclusions de novo . . . and its factual findings for substantial evidence," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted), and apply the standards governing adverse credibility determinations under the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

We reject as unsupported by the record Wang's contentions that the BIA failed to consider the documentary evidence or otherwise erred in its credibility analysis. When, as here, an applicant for asylum and withholding of removal is found not credible, the trier of fact considers whether the remaining record evidence is sufficient to meet the burden of proof. *Al-Harbi v. INS*, 242 F.3d 882, 890–94 (9th Cir. 2001). On remand, the BIA reviewed Wang's documentary evidence and "adequately described [its] concerns regarding the provenance and reliability of those documents." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The BIA concluded that the firing decisions for Wang and her husband, punishment decision from the family planning committee giving notice of a fine, and the hospital certificate purporting to show that Wang was fitted with an intrauterine device (IUD) in China were "unreliable." Specifically, the BIA referenced the IJ's determination that the hospital certificate from China lacked "other information to support its

2

veracity" (such as the date of the procedure, the medical professional who performed it, and the individual who looked up the record), and pointed out numerous inconsistencies between Wang's testimony, the firing decisions, and the punishment decision. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Based on these inconsistencies between the documentary evidence and Wang's testimony, and the questioned veracity of Wang's documentary evidence itself, the BIA ascertained that the only reliable evidence in the record was the country conditions evidence and medical records from the United States. But, setting aside Wang's non-credible testimony, these documents only established that Wang was fitted with an IUD, which did not "rise to the level of harm required to establish persecution." *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 640 (BIA 2008) ("[S]imply requiring a woman to use an IUD, and other more routine methods of China's implementation of its family planning policy, do not generally rise to the level of harm required to establish persecution."). As the record evidence does not compel the conclusion that Wang established past persecution or demonstrated a well-founded fear of persecution, the BIA's conclusion that Wang failed to demonstrate eligibility for asylum is supported by substantial evidence. *See Bringas-Rodriguez*, 850 F.3d at 1059.

Further, contrary to Wang's assertions, "mere economic disadvantage alone does not rise to the level of persecution." *Gormley v. Ashcroft*, 364 F. 3d 1172, 1178

3

(9th Cir. 2004). As the IJ found, Wang failed to present evidence of substantial economic disadvantage. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (concluding that government seizure of the business owned by petitioner's father did not rise to the level of substantial economic disadvantage necessary for a finding of persecution).

Because Wang could not establish her eligibility for asylum, the BIA "properly concluded that she was not eligible for withholding of removal, which imposes a heavier burden of proof." *Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**